The Honorable Janice L. Hardenburger State Senator, 21st District State Capitol, Room 143-N Topeka, Kansas 66612
The Honorable Bill Bryant State Representative, 106th District State Capitol, Room 112-S Topeka, Kansas 66612
Dear Senator Hardenburger and Representative Bryant:
You request our opinion as to the legality of the imposition of a solid waste user's fee by Washington county on occupied residences and businesses located within the county. You also inquire whether it is legal for the county solid waste management department to collect the fee rather than the Washington county treasurer.
In requesting our opinion, you submitted a copy of Resolution No. 24-94, adopted by the board of county commissioners of Washington county on December 27, 1994. You also submitted a copy of Resolution No. 31-94, adopted by the board on December 30, 1994, which makes certain corrections to Resolution No. 24-94. Read together, the relevant provisions of these resolutions establish a "solid waste user's fee" of $75.90 per year, from and after January 1, 1995, to be assessed against (1) each occupied residential or dwelling unit and (2) each "regular business," defined in Resolution No. 24-94 as any business that conducts its activities outside a residence. The annual fee is to be charged without proration to all regular businesses and households located within the county that were occupied for any period of time between August 1, 1993, and August 1, 1994. A single annual fee of $75.90 is to be charged to a residence together with its "home business," defined in Resolution No. 24-94 as any business located within an occupied residence that conducts its basic business activity within the residence.
In addition to the annual fee for 1995, the resolutions provide for a monthly solid waste user's fee in the amount of $6.75 for May, 1994 through January, 1995 inclusive. Like the 1995 annual fee, the monthly user's fee is assessed to all regular businesses and all occupied residences or dwelling units in the county, whether located within or outside the boundaries of any incorporated city.
Finally, the resolution also establishes a separate and additional monthly fee of $5.25 for the collection of solid waste. The fee for waste collection services is to be assessed to all households and regular businesses within the boundaries of any incorporated city within the county. For households and businesses located outside the boundaries of an incorporated city but within the county, the fee is charged only if the household or business receives waste collection or trash hauling service. As we understand your inquiry, you do not ask us to address the legality of the separate fee imposed for solid waste collection services, but only the legality of imposing a solid waste user fee and the specific method provided for its billing and collection. Nor do you question the reasonableness of the classification system adopted by the county.
Under the resolutions, the solid waste user fee is to be paid to the Washington county solid waste department, in the manner determined by its director. User fees are to be billed and collected on a quarterly basis for the months in 1994 listed in the resolutions, for all months in 1995, and thereafter, unless otherwise provided by resolution of the board. A separate procedure is set forth for collecting any fees that remain unpaid for a period of 60 days or more. You do not challenge the method set forth in the resolution for collecting delinquent fees, but ask whether it is proper for the fees to be billed and collected at the outset by the county solid waste management department rather than the county treasurer.
You have also submitted a copy of a statement issued by the Washington county solid waste department to the owner of a residence located in Washington county. Dated December 15, 1994, the statement carries the designation "1st billing" and indicates that a balance of $60.75 is owed for the "1994 users fee tax" for the period May to January. The total amount billed was calculated by multiplying the monthly charge of $6.75 by nine, the number of months within the period beginning May, 1994, and ending January, 1995.
K.S.A. 65-3401 et seq. provide for a cooperative state and local program for the comprehensive management of solid waste. The legislation was designed to provide for a statewide solid waste management program in the interest of the public health and welfare of the citizens of Kansas. See K.S.A. 65-3401; Uhl v.Ness City, Kansas, 406 F. Supp. 1012, 1013 (D.Kan. 1975), aff'd,590 F.2d 839 (10th Cir. 1979). The statutes grant broad discretion to municipalities to create solid waste management systems and to levy fees and charges to generate revenue to pay the associated costs. See Zerr v. Tilton, 224 Kan. 394, 400
(1978).
Specifically, each county in Kansas is required by K.S.A.65-3405(a) to develop a plan for the management of solid waste in such county. K.S.A. 65-3410 authorizes any county to provide for the storage, collection, transportation, processing, and disposal of solid wastes generated within its boundaries. The county is also authorized to establish a schedule of fees by resolution, with the revenue to be used to finance the cost of the services provided under the solid waste management program. If a county provides solid waste services, the fees established pursuant to the statute may be mandatory. For example, in Zerr v. Tilton, the Kansas Supreme Court adopted in full the memorandum decision of the trial court, which held that persons who elect not to use solid waste services made available by the county may nevertheless be required to pay the fees assessed for the services.224 Kan. at 400.
K.S.A. 65-3410(a) specifically provides a method for the establishment, billing, and collection of solid waste fees as follows:
 "On or before the first day of July of each calendar year, the board of county commissioners of any county may, by resolution establish a schedule of fees to be imposed on real property within any county solid waste service area, revenue from such fees to be used for the acquisition, operation and maintenance of county waste disposal sites and/or for financing waste collection, storage, processing, reclamation, and disposal services, where such services are provided. In establishing the schedule of fees, the board of county commissioners shall classify the real property within the county solid waste service area based upon the various uses to which the real property is put, the volume of waste occurring from the different land uses and any other factors that the board determines would reasonably relate the waste disposal fee to the real property upon which it would be imposed.
 "The board shall set a reasonable fee for each category established and divide the real property within the county service areas according to categories and ownership. The board shall impose the appropriate fee upon each division of land and provide for the billing and collection of such fees. The fees may be established, billed, and collected on a monthly, quarterly or yearly basis. Fees collected on a yearly basis may be billed on the ad valorem tax statement. Prior to the collection of any fees levied on real property by the board under this section, the board shall notify affected property owners by causing a copy of the schedule of fees to be mailed to each property owner to whom tax statements are mailed in accordance with K.S.A. 79-2001, or any amendments thereto."
Attorney General Opinions No. 80-65 and 84-97 determined that the act codified at K.S.A. 65-3401 et seq. is uniformly applicable to all counties, and therefore a county may not exercise its home rule powers pursuant to K.S.A. 1994 Supp. 19-101a to exempt itself from the requirements of the act.
We first address the legality of the solid waste user's fees established by the resolutions. K.S.A. 65-3410 grants broad authority to the county to establish the fees to be charged to persons to whom solid waste services are available, and grants special powers to collect assessments for solid waste programs.See Zerr v. Tilton, 224 Kan. at 400; see also Uhl v. Ness City,Kansas, 406 F. Supp. at 1016. Nevertheless, the statute also places certain restrictions on the county's power to do so. Further, the Kansas Supreme Court has held that a mandatory fee exacted to raise revenue for the maintenance of governmental services offered to the general public constitutes a tax.Executive Aircraft Consulting, Inc. v. City of Newton,252 Kan. 421, 427 (1993). The court went on to distinguish a fee from a tax as follows:
 "In contrast, a fee is paid in exchange for a special service, benefit, or privilege not automatically conferred upon the general public. A fee is not a revenue measure, but a means of compensating the government for the cost of offering and regulating the special service, benefit, or privilege. Payment of a fee is voluntary — an individual can avoid the charge by choosing not to take advantage of the service, benefit, or privilege offered." Id. at 427.
The tenth circuit court of appeals, in interpreting K.S.A.65-3410, has noted that the fee it authorizes counties to assess is more akin to a tax than to a user fee, in part because the method for collecting delinquent fees targets the owner of the real property, not the actual user of the solid waste services.See Uhl v. Ness City, Kansas, 590 F.2d 839, 843-44 (10th Cir. 1979). Similarly, as we have already noted, the Kansas Supreme Court has held that the solid waste fee authorized by the statute may be mandatory if the services for which it is assessed are available, whether or not the services are actually used. Zerrv. Tilton, 224 Kan. at 400; see also Uhl v. Ness City,590 F.2d at 844.
Applying these principles, it is our opinion that solid waste fees authorized by K.S.A. 65-3410 amount to taxes if they are mandatory, as in the case of the solid waste user's fee imposed by Washington county, and if they are established to finance the governmental functions of acquiring, operating, and maintaining county waste disposal sites for the benefit of the general public health and welfare. We note that the solid waste collection fee assessed by Washington county to persons living outside the boundaries of an incorporated city, if such person receives solid waste collection or trash hauling services, does not appear to constitute a tax, since our understanding is that the fee need not be paid if such person elects not to avail himself of the particular services for which it is imposed. This provision of the resolution is consistent with the authority conveyed by the statute that fees for particular services may be imposed only as to real property where such services are provided.
In Attorney General Opinion No. 76-205, General Schneider considered the legality of collecting delinquent solid waste fees in the same manner as delinquent personal property taxes. He determined that the statute authorizing the fees permitted collection of delinquent fees only as assessments against real property. The opinion stated in passing that the solid waste fee is not a tax, but rather it was considered "at least a charge in the nature of a special assessment . . . according to the benefit accruing to the property from the service. . . ." Id. at 2. However, in Dutoit v. Board of Johnson Co. Comm'rs, 233 Kan. 995
(1983), the Kansas Supreme Court defined special assessments as "charges imposed by a local government upon the owners of property specially benefited by a local public improvement." Id. at 999. The mandatory solid waste user fee established by Washington county is not a special assessment, because it applies to all households and businesses in the county without regard to whether the property itself derives a benefit from the county's solid waste management system. Accordingly, Attorney General Opinion No. 76-205, to the extent it conflicts with conclusions reached herein, is disaffirmed.
Statutes imposing taxes are to be strictly construed, and the authority they convey may not be extended by implication beyond the clear import of the specific language used in the statute. If the tax statute's wording creates a reasonable doubt as to its meaning, it must be construed in favor of the taxpayer, not the municipality. Executive Aircraft Consulting, Inc. v. City ofNewton, 252 Kan. at 425; Fleming Co. v. McDonald, 212 Kan. 11, Syl. para. 1 (1973).
The resolutions' imposition of a mandatory annual solid waste user's fee of $75.90 from and after January 1, 1995, to be collected on a quarterly basis, is entirely consistent with the language of K.S.A. 65-3410. The statute provides for the establishment of a schedule of fees on or before July 1 of each calendar year. Accordingly, Attorney General Opinion No. 84-97 interpreted the statute to require that any resolution pursuant to K.S.A. 65-3410 must be adopted on or before July 1 of the calendar year for which the solid waste charges are imposed. In this case, the resolutions were adopted in December, 1994, well before July 1 of 1995, the year for which the annual fee is established.
We do not reach the same conclusion with regard to the monthly fee of $6.75 for the nine-month period beginning May, 1994, and ending with January, 1995. In addition to the two resolutions you submitted with your inquiry, we have obtained a copy of Resolution No. 16-94, by which Washington county initially imposed the monthly solid waste user's fee. Resolution No. 16-94 was adopted on August 15, 1994. The monthly fee or tax of $6.75 was therefore adopted retroactively, at least for the months of May through July, 1994. The imposition of a solid waste user fee for several months in calendar year 1994 by adoption of a resolution in August, 1994, is inconsistent with the statute's language requiring establishment of the fee by resolution adopted on or before July 1 of the calendar year for which the fee is imposed. Further, if the first billing was mailed on or about December 15, 1994 for the nine-month period beginning May, 1994, the collection procedure is inconsistent with the provision of Resolution No. 24-94 that such fees are to be collected on a quarterly basis.
With respect to the monthly fee of $6.75 imposed for January, 1995, we note that the resolutions also impose an annual fee of $75.90 from and after January 1, 1995. While we are of the opinion that the county is well within its authority in prospectively establishing the annual fee beginning in 1995, it is our opinion that the statute does not permit the county to impose both a monthly fee of $6.75 for January 1995 as well as an annual fee for calendar year 1995. To conclude otherwise would permit double taxation for the month of January, 1995, which we do not believe to be within the language or intent of the authorizing statute, particularly when construed narrowly in favor of the taxpayer. We note that the statute permits fees to be established, billed, and collected on a monthly, quarterly, or
yearly basis. In our opinion, the establishment of an annual fee for 1995, which was well within the county's statutory authority, precludes the county from also establishing a monthly fee for January, 1995.
We next address whether it is legally permissible for the county solid waste department to collect the solid waste user fee, rather than the county treasurer. As we have noted, the statute permits the board of county commissioners to establish, bill, and collect solid waste fees on a monthly, quarterly, or yearly basis. If the board elects to collect the fees on a yearly basis, the statute permits, but does not require, the board to bill the fees on the ad valorem tax statement. Otherwise, the board is granted the discretion to provide for the billing and collection of such fees on a periodic basis. In our opinion, the statute is permissive with regard to the method for billing and collecting authorized solid waste charges. The statute therefore does not preclude Washington county from requiring the fee to be billed and collected by the county's solid waste management department rather than the county treasurer.
In Uhl v. Ness City, Kansas, 590 F.2d 839 (10th Cir. 1979), the tenth circuit court of appeals considered the legality of terminating water service as a means of enforcing the payment of mandatory solid waste fees. The court held it was beyond the authority of the city to do so, reasoning that the exclusive method available under the Kansas statute for collecting delinquent solid waste charges is to assess them against the real property in the same manner as county ad valorem property taxes.Id. at 842. Attorney General Stephan had occasion to address a similar issue in Attorney General Opinion No. 84-97, in which it was also concluded that delinquent fees assessed pursuant to K.S.A. 65-3410 are to be collected in the same manner as ad valorem taxes.
However, the fees assessed by Washington county and billed by its solid waste management department are not "delinquent" as that term is defined by the statute. Solid waste charges do not become delinquent for purposes of the statute unless they "remain unpaid for a period of sixty (60) or more days after the date upon which they were billed. . . ." K.S.A. 65-3410(a) para. 3. We do not read the statute to preclude Washington county from designating its solid waste management department to bill and collect the solid waste user's fee in the first instance, so long as the method specifically set forth in the statute is followed for the collection of delinquent fees. See K.S.A. 65-3410(a)(1) — (4).
In conclusion, in our opinion the county acted within its statutory authority in adopting a resolution in December, 1994 establishing a mandatory annual solid waste user fee of $75.90 for calendar year 1995, to be billed and collected quarterly. However, based upon the information available to us, it is our opinion that the county did not act within its statutory authority in establishing, billing, and collecting a monthly fee of $6.75 for the nine months from May, 1994 through January, 1995, inclusive. Further, it is our opinion that K.S.A. 65-3410 permits Washington county to designate its department of solid waste management for the initial billing and collection of solid waste user fees, although any fees remaining unpaid 60 days or more from the billing date must be collected by the procedure set forth in the statute for collection of delinquent fees.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 J. Lyn Entrikin Goering Assistant Attorney General
CJS:JLM:LEG:bas